NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 20 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ANTONIO CERVANTES-PERALTA, <br><br> Defendant - Appellant. | Nos. 14-10548 <br> 14-10549 <br><br> D.C. Nos. 2:14-cr-00035-JAD <br> 2:14-cr-00039-JAD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted October 14, 2015[**]

Before:    SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

In these consolidated appeals, Antonio Cervantes-Peralta appeals the

46-month custodial sentence and three-year term of supervised release imposed

following his guilty-plea conviction for being a deported alien found unlawfully in

the United States, in violation of 8 U.S.C. § 1326, and the 8-month sentence

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

imposed upon revocation of supervised release.   We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cervantes-Peralta contends that the three-year term of supervised release is substantively unreasonable in light of U.S.S.G. § 5D1.1(c).   The district court did not abuse its discretion.   *See United States v. Valdavinos-Torres*, 704 F.3d 679, 692 (9th Cir. 2012).   The term is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the need for deterrence.   *See* U.S.S.G. § 5D1.1 cmt. n.5*; Valdavinos-Torres*, 704 F.3d at 692-93.   Further, the court sufficiently explained the sentence.   *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Cervantes-Peralta next contends that the aggregate custodial sentence is substantively unreasonable because the district court failed to impose fully concurrent sentences.   We find no abuse of discretion.   *See Gall v. United States*, 552 U.S. 38, 51 (2007).   The Guidelines state that a revocation sentence should run consecutive to any sentence imposed for conduct that is the basis of the revocation, *see* U.S.S.G. § 7B1.3(f), and the court here made the sentences largely concurrent.   The sentence is substantively reasonable.   *See Gall*, 552 U.S. at 51.

**AFFIRMED.**